UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the CHICAGO REGIONAL COUNCIL of CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL of CARPENTERS WELFARE FUND, and CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND, <br><br> Plaintiffs, <br><br> v. <br><br> AL TREIBER ASSOCIATES, INC., <br><br> Defendant. | No. 08 CV 3399 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Plaintiff trust funds and Defendant employer are bound by a Collective Bargaining Agreement ("Agreement"), which requires Defendant to pay fringe benefit contributions to the trust funds. On June 12, 2008, Plaintiffs, pursuant to the results of an audit, filed a complaint against Defendant alleging that Defendant underpaid contributions and breached the Agreement. Defendant now moves to dismiss on the basis of res judicata. For the following reasons, I deny Defendant's motion to dismiss.

### II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Defendant's motion to dismiss should be granted only if Plaintiffs cannot prove any set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Furthermore, I must accept all well-pleaded factual allegations in the complaint as true, drawing all reasonable inferences from those facts in Plaintiffs' favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). Stated another way, I should not grant Defendant's motion "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). That said, Plaintiffs' "obligation to provide the grounds of [its] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544 (2007).

## III. STATEMENT OF RELEVANT FACTS

This action arises under section 502 of the Employee Retirement Income Security Act. 29 U.S.C. § 502 (2007). Plaintiff trust funds are multi-employer plans. Plaintiffs and Defendant employer are bound by a Collective Bargaining Agreement which requires Defendant to pay fringe benefit contributions to the trust funds based upon the hours worked by its carpenter employees. On June 12, 2008, Plaintiffs, pursuant to the results of an audit, filed a complaint against Defendant alleging that Defendant underpaid contributions from October 2005 through June 2007 in breach of the Agreement ("audit case"). It is apparent from Plaintiffs' pleadings that the audit was completed in November 2007. The contributions owed to the trust funds as a consequence of this breach are $16,848.63.

However, this is not the first action brought by Plaintiffs against Defendant. On April 28, 2008, Plaintiffs filed a suit against Defendant alleging that Defendant breached the Agreement by failing to submit reports to the trust funds from January 2008 through April 2008 and by failing

to pay liquidated damages on previously submitted contributions ("collection case"). Defendant has tendered to Plaintiffs a check for the unpaid amount alleged in the collection case and now seeks dismissal of the audit case on the basis of res judicata.

## IV. DISCUSSION

"The doctrine of res judicata bars relitigation of a claim for relief decided on the merits in a previous suit involving the same parties or their privies." *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 (7th Cir. 2001). The doctrine "bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action." *Brzostowski v. Laidlaw Waste Sys.*, 49 F.3d 337, 338 (7th Cir. 1995). In order to properly apply the principle of claim preclusion, three elements must exist: "identity of claims, identity of parties, and a prior final judgment on the merits." *Perry v. Globe Auto Recycling, Inc.*, 227 F.3d 950, 952 (7th Cir. 2000). Plaintiffs concede that the parties in the audit and collection cases are identical. However, because the claims involved here do not arise from the same transaction, I need not reach the issue of finality of judgment.

### A. Identity of Claims

Plaintiffs maintain that the collection case and the current action do not involve identical claims, as Plaintiffs in the collection case sought recovery for delinquent monthly payments, whereas in the present action, Plaintiffs seek to collect contributions stemming from Defendant's alleged underpayment of contributions owed to the trust based upon the hours worked by employees. Courts find an identity of the causes of action if the claims arise from the "same core of operative facts," which includes "the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Cole v. Bd. of Trs.*, 497 F.3d

770, 772-73 (7th Cir. 2007) (citation omitted). A plaintiff who splits his claims into multiple suits "impair[s] judicial economy and would effectively defeat the public policy underlying res judicata." *Muhammad v. Oliver*, 547 F.3d 874, 877 (7th Cir. 2008).

Defendant argues that although the two actions involve recovery for two distinct periods, Plaintiffs' claims are based on a single contract, the Agreement, which constitutes one set of operative facts. In support of this argument, Defendant relies primarily on *May v. Parker-Abbott Transfer and Storage, Inc.*, 899 F.2d 1007 (10th Cir. 1990). In *May*, the plaintiff pension fund sought to compel the defendant employer's delinquent payroll reports and contributions for December 1982 to March 1984. The parties settled and the action was dismissed with prejudice. Nearly two years later, plaintiff filed an action seeking to compel an audit of defendant's payroll records for the period of April 1980 through June 1984. Res judicata, the court held, barred the plaintiff's second action. The court opined that "a 'contract' is generally considered to be a 'transaction,'" whereby any breaches not brought in the original action are subject to claim preclusion if said breaches antedate the original action. *Id.* at 1010. There was one contract - the Trust Agreement - underlying both suits, and the second claim should have been brought together with the first.

The Seventh Circuit has yet to define the contours of the transactional approach in determining whether an audit case is precluded by a preceding collection case involving a different time period. However, the most factually analogous case in this district supports the conclusion that collection suits and audit suits arise from different facts. *Central States, Southeast and Southwest Areas Pension Fund v. Plymouth Concrete, Inc.*, 803 F. Supp. 169, 172-173 (N.D. Ill. 1992). In *Plymouth*, the Plaintiff pension fund was not barred from bringing an

4

audit suit even after a preceding collection suit involving the same time period was settled and dismissed with prejudice. *Id.* at 172-73. The court rejected the contract-as-transaction model, acknowledging the realities of the modern day pension fund. *Id.* at 172. Because pension funds are entities distinct from employers and unions, they must conduct audits to determine the accuracy of employer-supplied information. *Id.* Without such an audit, a fund cannot maintain a cause of action alleging inaccurate contributions. *Id.* (citation omitted). The court held that "the Fund's previous action to recover delinquent contributions based on reports submitted by Plymouth arises out of different facts than the current suit to collect contributions stemming from Plymouth's inaccurate reporting of employee work history." *See also Moriarty v. Adinamis Funeral Directors, Ltd.*, 2002 WL 737446, at *7 (N.D. Ill. Apr. 24, 2002) ("The two cases here, while stemming from the same underlying contract, do not in fact arise from 'a single core of operative fact' because an action premised on the right to prompt payment 'arise[s] out of different facts, at a different time, and from a different motivation than a suit to compel an audit and to recover any deficiencies the audit reveals.'") (citations omitted); *I.A.M. National Pension Fund v. Industrial Gear Manufacturing Company*, 723 F.2d 944, 948-49 (D.C. Cir.1983) ("Although the time period for which the Fund alleges injury overlaps in the [collection and audit suits], the two causes of action differ in that each asserts different rights, alleges different injuries, and arises from different facts.").

Defendant argues that these cases are distinguishable from the current action since none of them involves a subsequent audit case arising from an audit conducted *prior* to the filing of the preceding collection action. Because the breach alleged in the audit case occurred before the filing of the original action - the collection case, Defendant asserts that I should apply the

5

reasoning in *May* and find that the two claims should have been brought together. This point has some weight. However, the outcome in *May* is based on the premise that "a 'contract' is generally considered to be a 'transaction.'"[1] 899 F.2d at 1010, an approach that courts in this district have refused to apply when the two actions involved are a collection case and an audit case. Our circuit precedent is persuasive in holding that collection actions and audit actions arise from different sets of facts. Accordingly, the fact that Plaintiff completed the audit prior to the filing of the collection case is irrelevant.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: March 30, 2009

---

[1] In *Service Employees International Union Local 1 v. Digby's Detective and Security Agency, Inc.*, 2009 WL 721003 (March 18, 2009), I recently held that res judicata barred a collection action preceded by another collection action involving a different time period, relying on this premise. In *Digby's*, I noted that "[i]t has often been held that breach of a single indivisible contract gives rise to only one claim," *Id.* at *4 (citation omitted). However, in *Digby's*, the two causes of action at issue were identical in that both suits involved the collection of delinquent payments. No audit action was involved.